IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| MANN BRACKEN, LLP<br>by Cheryl E. Rose, Esq.,<br>Receiver of Mann Bracken LLP<br><br>Plaintiff,<br><br>v.<br><br>EXECUTIVE RISK INDEMNITY, INC,<br><br>Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), Defendant EXECUTIVE RISK INDEMNITY INC. ("Executive Risk") files this Notice to remove the above-captioned case to this Court and, in support of removal, respectfully states as follows:

1. Executive Risk is the defendant in a civil action brought on or about March 10, 2015, in the Circuit Court for Montgomery County, Maryland, styled Mann Bracken, LLP, by Cheryl E. Rose, Receiver of Mann Bracken LLP v. Executive Risk Indemnity Inc (Case No. 401986V).

2. A copy of the complaint, which is the initial pleading setting forth the claim for relief upon which the action is based, was served upon the Maryland Insurance Administration ("MIA") on April 17, 2015, and on April 20, 2015, the MIA mailed notification of the complaint to Executive Risk. This Notice of Removal is therefore filed within thirty (30) days of service of the complaint on Executive Risk and is timely filed under 27 U.S.C. § 1446(b).

3. A copy of the complaint (with an attached summons and civil cover sheet and scheduling order), being all of the papers served upon Executive Risk in this action, is attached hereto as Exhibit A.

4. This is a civil action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, in light of the damages sought in is matter.

5. According to the complaint, Plaintiff Cheryl Rose is the court appointed receiver for Mann Bracken LLP, an entity that is in receivership proceedings in the Circuit Court for Montgomery County, Maryland. Plaintiff Ms. Rose is an individual and citizen of the state of Maryland.[1]

6. Defendant Executive Risk is an insurance company incorporated under the laws of the state of Delaware, and has its principal place of business now and at the time this action was commenced in Warren, New Jersey.

7. In this action, Plaintiff seeks insurance coverage under Executive Risk Policy No. 8209-6996 (the "Policy"), which was issued by Executive Risk to an entity called Axiant, LLC ("Axiant"). The Policy has a limit of liability of $5,000,000.

---

[1] For diversity purposes, the citizenship of an entity that is in receivership is determined by the citizenship of the receiver. See Mitchell v. Maurer, 293 U.S. 237, 242 (1934) (holding that in determining diversity of citizenship, "we necessarily treat the primary receivers as the plaintiffs"); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1301 (9th Cir. 1989) (same); Bank of Am. v. Musselman, 222 F.Supp.2d 792, 794 n. 3. (E.D.Va. 2002). Therefore, because the receiver here, Ms. Rose, is a citizen of Maryland, Mann Bracken is likewise deemed to be a citizen of Maryland.

8. In the complaint, Plaintiff claims to have received from Axiant an assignment of all of its rights, title and interest in the Policy.[2] Based on that alleged assignment, Plaintiff in this action seeks coverage under the Policy for the settlement of a separate lawsuit filed by Plaintiff against Axiant in the Circuit Court for Montgomery County, Maryland (the "Underlying Action"). As alleged in the complaint in this case, in the Underlying Action settlement Axiant agreed that it was liable to the estate of Mann Bracken in the amount of $13.4 million. Plaintiff, as the court appointed receiver of Mann Bracken and as Axiant's assignee, alleges in the complaint that Executive Risk is in turn liable for that settlement up to the limits of the Policy, or $5 million. Plaintiff also alleges to be entitled to such further relief and damages as may be awarded by the Court in addition to the $5 million that Plaintiff seeks to recover under the Policy. As a result, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

9. Accordingly, removal of this action is proper under 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the district courts of the United States have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Executive Risk, the only defendant in this action, pursuant to 28 U.S.C. § 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446(b) and the Rules of the United States District Court for the District of Maryland removes this action for trial from the Circuit Court of Montgomery County, Maryland on this 15th day of May, 2015.

---

[2] Plaintiff included Axiant in the case caption of the complaint. However, Axiant it is not actually a party to this case, as is evident from a review of the complaint, which is filed solely on behalf of the Plaintiff Ms. Rose in her capacity as the court appointed receiver of Mann Bracken.

Dated: May 15, 2015                                                  Respectfully submitted,

HOGAN LOVELLS US LLP

_/s/ Steven Barley_
Steven F. Barley
(Bar Number 10049)
Marc A. Marinaccio
(Bar Number 29133)
100 International Drive
Suite 2000
Baltimore, MD 21202
(410) 659–2700
(410) 659-2701 (fax)

David J. Hensler
Douglas S. Crosno
555 13th Street N.W.
Washington, D.C. 20004
(202) 637–563
(202) 637–5910 (fax)

Counsel for Defendant Executive Risk Indemnity Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, a true and correct copy of the foregoing was served on the following by First Class Mail:

James M. Hoffman
OFFIT KURMAN, P.A.
4800 Montgomery Lane
Bethesda, MD 20814

_/s/ Marc Marinaccio_
Marc A. Marinaccio