IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MANN BRACKEN, LLP | : |
|  | : |
| v. | : Civil Action No. DKC 15-1406 |
|  | : |
| EXECUTIVE RISK INDEMNITY, INC. | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for review in this insurance case is a motion for reconsideration and leave to file an amended complaint filed by Plaintiff Cheryl E. Rose, acting in her official capacity as receiver of Mann Bracken, LLP ("Plaintiff"). (ECF No. 24). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration and for leave to amend will be denied.

**I. Background**

A full recitation of the facts is included in this court's September 28, 2015 Memorandum Opinion. (*See* ECF No. 22). Accordingly, only additional facts relevant to the pending motion will be discussed here. On September 28, 2015, the undersigned granted a motion to dismiss filed by Defendant Executive Risk Indemnity, Inc. ("Executive Risk" or

"Defendant"). The complaint was dismissed because "Plaintiff had not pled facts showing that its untimely claim and/or report is covered" by Defendant's insurance policy. (*Id.* at 23). Specifically, the complaint failed to plead with sufficient detail and support that Mann Bracken sent notice to Executive Risk during the policy period, and instead pleaded "upon information and belief" that notice was provided. The undersigned noted that because "Plaintiff, as receiver for Mann Bracken, would uniquely have access to Mann Bracken's documents and records[,]" she was required to plead with greater specificity than "upon information and belief." (*Id.* at 20-21).

On October 22, Plaintiff filed the pending motion. (ECF No. 24). Defendant filed a response in opposition (ECF No. 25), and Plaintiff has not replied.

## II.  Standard of Review

Plaintiff has moved for reconsideration and leave to amend her complaint. In *Katyle v. Penn Nat. Gaming, Inc.*, the United States Court of Appeals for the Fourth Circuit explained that a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b).[1]   637 F.3d 462, 470 (4th Cir.

---

[1] A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule

2011); *see also Calvary Christian Center v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013).  The Fourth Circuit further stated that "[t]o determine whether vacatur is warranted, . . . the court need not concern itself with either of those rules' legal standards." *Katyle*, 637 F.3d at 471.  *Katyle* held that:

> [t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a).  In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility.' *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *accord Matrix Capital Mgmt. Fund, LP v. Bearingpoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

637 F.3d at 471; *see also United States v. Shabazz*, 509 F.App'x. 265, 266 (4th Cir. 2013).  "An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin v. Blom*, No. CCB–11–3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (citations and internal quotation marks omitted).

---

59(e); if the motion is filed later, Rule 60(b) controls.  *See* Rule 59(e); *MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008).  Here, Plaintiff moved pursuant to Rule 60, but her motion is appropriately analyzed under Rule 59(e) because it was filed within 28 days of entry of the court order.

## III. Analysis

Plaintiff seeks to amend the complaint to plead additional facts and offer additional evidence to show that Mann Bracken provided notice to Executive Risk within the policy period.[2] This additional evidence includes an affidavit from Mr. Connell Loftus, Mann Bracken's former managing partner; a copy of e-mail correspondence from December 21, 2009 between Mr. Loftus and another Mann Bracken attorney regarding the drafting of "a letter putting Axiant's insurance carrier on notice of a breach of contract;" and a copy of the draft letter. (ECF No. 24-1). Plaintiff argues that the proposed amendments will "provide sufficient facts to demonstrate that timely notice was provided to" Executive Risk. (ECF No. 24, at 2). In addition, she notes that the evidence "shows the clear intent to notice" Executive Risk. Defendant counters that the proposed amendment would be futile because the additional evidence contains factual errors and does not plausibly show that Mann Bracken actually provided notice to Executive Risk during the policy period. (ECF No. 25, at 5-9). Defendant asserts that Mr. Loftus' "recollection" that notice was mailed to "Axiant's insurer" is not sufficient to survive a motion to dismiss.

---

[2] Unfortunately, because Plaintiff does not provide the court with a proposed amended complaint as required by this court's Local Rules, *see* Local Rule 103.6, the nature of the proposed amendments must be discerned from Plaintiff's pending motion and attachments. (ECF Nos. 24; 24-1).

Plaintiff's proposed amendments are futile because they fail to cure fully the complaint's deficiencies. Although the letter, if actually sent to Executive Risk, would have provided *notice*, there was still no *claim* against Axiant until January 15, 2010 at the earliest, when Mann Bracken filed its proof of claim in Axiant's bankruptcy proceeding. (*See* ECF No. 15, at 5). The policy's advance notice procedure, which may allow for notice of a wrongful act to be provided to Executive Risk before a claim is made against Axiant, still requires "written notice of such claim [to be] given to [Executive Risk] as soon as practicable *after* [the claim] is first made." (ECF No. 8-3, at 14 (emphasis added); *see also* ECF No. 22, at 21-22). Plaintiff's proposed amendments do not plead facts that plausibly show Executive Risk was given timely written notice after the alleged claim was first made. Rather, the only other written notice asserted in the complaint was provided to Executive Risk on February 8, 2012. (ECF No. 2 ¶¶ 69-71). Such notice was neither within the policy period nor given as soon as was practicable after the alleged claim was filed on January 15, 2010.

Moreover, Plaintiff's proposed amendments do not plausibly show that Mann Bracken actually provided written notice to Executive Risk. Rather, Plaintiff provides a first draft of an

unsigned, unaddressed, and incorrectly dated letter.[3]   The brief e-mail correspondence indicates that Mann Bracken did not know who Axiant's insurer was at the time, and Executive Risk is not mentioned in the draft letter or e-mails.   Thus, the attached materials merely show that Mann Bracken was in the early stages of contemplating providing notice to an unnamed insurer of Axiant.   Mr. Loftus avers in his affidavit, "My recollection is that [the] letter was mailed by Mann Bracken to Axiant's insurer."   (ECF No. 24-1 ¶ 31).   Such a statement is only slightly more definitive than "upon information and belief."   Mr. Loftus' "recollection," combined with the early stage draft letter and inconclusive e-mail correspondence, is insufficient to cure the complaint's "woefully inadequate" allegations.   (*See* ECF No. 22, at 21).   The proposed amendments are futile because they "have not nudged [Plaintiff's] claims across the line from conceivable to plausible."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] Defendant implies that the draft letter may not be authentic because it is dated October 9, 2015.   The date rouses suspicion, but it does not necessarily show inauthenticity.   It is possible that the date automatically updated when Plaintiff or Mr. Loftus retrieved it.   It fails, however, to reveal if the draft is actually from December 21, 2009 or some later date.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration and leave to file an amended complaint will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
